Brian W. Brokate (BB 5830)
Walter-Michael Lee (WL 6353)
Laura Pasternak (LP 1656)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorney for Plaintiff

Of Counsel:
D. Peter Harvey
Matthew A. Stratton
Harvey Siskind LLP
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 1 4 2011 ★

BROOKLYN OFFICE

MISC 11 0709

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

KUNTZ, J.

| | |
|---|---|
| E. & J. GALLO WINERY, | Case No. |
| Plaintiff, | |
| v. | |
| PROXIMO SPIRITS, INC.; AGAVERA CAMICHINES, S.A. DE C.V,; and DOES 1-25, | **NOTICE OF MOTION TO COMPEL NONPARTY DEAD AS WE KNOT IT, INC.  TO PRODUCE DOCUMENTS PURSUANT TO SUBPOENA** |
| Defendants. | |

ALL PARTIES AND RELEVANT NONPARTIES PLEASE TAKE NOTICE plaintiff E.

& J. Gallo Winery hereby move to compel nonparty Dead As We Know It, Inc. ("DAWKI") to

produce documents pursuant to subpoena.  A copy of the complaint in *E. & J. Gallo Winery v.*

*Proximo Spirits, Inc. et al.*, Case No. 1:10-CV-00411 LJO JLT, currently pending in the Eastern

District of California, is attached hereto as **Exhibit A**. This motion is also based upon the

affirmation of Matthew A. Stratton, Esq., attached hereto as **Exhibit B**. A memorandum of law is

also submitted in support of plaintiff's motion.

Pursuant to Local Rule 6.1, opposition to this Motion shall be served within seven days after service of moving papers. Plaintiffs' reply, if any, shall be served within two days of service of the answering papers.

Dated: October 14, 2011

GIBNEY, ANTHONY & FLAHERTY LLP

By: *Laura Pasternak*

Brian W. Brokate (BB 5830)
Walter-Michael Lee (WL 6353)
Laura Pasternak (LP 1656)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorney for Plaintiff

1 | D. GREG DURBIN (SBN 81749)
McCORMICK BARSTOW SHEPPARD
2 | WAYTE & CARRUTH LLP
5 River Park Place East
3 | P.O. Box 28912
Fresno, CA 93720
4 | Telephone: (559) 433-1300
Facsimile: (559) 433-2300
5 | Greg.Durbin@mccormickbarstow.com
6 |
D. PETER HARVEY (SBN 55712)
7 | SETH I. APPEL (SBN 233421)
HARVEY SISKIND LLP
8 | Four Embarcadero Center, 39th Floor
San Francisco, California 94111
9 | Telephone: (415) 354-0100
Facsimile: (415) 391-7124
10 | pharvey@harveysiskind.com
sappel@harveysiskind.com
11 |
12 | Attorneys for Plaintiff,
13 | E. & J. Gallo Winery

14 |

15 |                 UNITED STATES DISTRICT COURT

16 |          EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

17 |

| | |
|---|---|
| 18   E. & J. GALLO WINERY, a California corporation, | Case No. |
| 19             Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF AND UNFAIR COMPETITION** |
| 20 | |
| 21   v. | |
| 22   PROXIMO SPIRITS, INC., a Delaware corporation; AGAVERA CAMICHINES, S.A. | **DEMAND FOR JURY TRIAL** |
| 23   DE C.V., a Mexico corporation; and DOES 1-25, | |
| 24           Defendants. | |

25 |

26 |          Plaintiff E. & J. Gallo Winery ("Gallo"), for its Complaint against Defendants Proximo Spirits,

27 | Inc., Agavera Camichines, S.A. de C.V., and Does 1-25 (collectively, "Defendants"), alleges as follows:

28 |

## NATURE OF THE ACTION

1.      After many months of preparation, Gallo, one of the country's largest producers of alcoholic beverages, is in the midst of launching a tequila under the trademark FAMILIA CAMARENA.  Defendants, competitors in the manufacture and distribution of tequila, have very recently attempted to derail Gallo's new product introduction through an unfounded threat of legal action for trade dress infringement.  Defendants' claim has no merit.  Rather, it constitutes a competitor's bad faith attempt to disrupt Gallo's impending launch and force Gallo to abandon its plans.  This asserted but unfiled claim clouds Gallo's legal position.  In order to eliminate any uncertainty and allow Gallo to proceed, Gallo respectfully asks the Court to issue a declaratory judgment confirming that it is not violating any rights of the Defendants, or any of their affiliates, and is free to distribute its FAMILIA CAMARENA tequila in the distinctive trade dress that it has designed.

## JURISDICTION

2.      This Court has subject matter jurisdiction under 28 USC §§ 1331, 1338 and 2201 because this case involves an actual controversy arising under the Lanham Act, 15 USC §1051, *et seq.*  The Court has supplemental jurisdiction over Gallo's state law claim under 28 USC § 1367.

## DISTRICT AND INTRADISTRICT VENUE

3.      Venue is proper in the Eastern District of California under 28 USC §§ 1391(b) because Defendants reside in and/or may be found in this judicial district, or a substantial part of the events or omissions giving rise to this action occurred in this judicial district, or a substantial part of the property that is the subject of this action is situated in this judicial district.  Intradistrict venue is proper in the Fresno Division of this judicial district under Local Rule 120(d) because this action arises in Stanislaus County, California.

## THE PARTIES

4.      Plaintiff E. & J. Gallo Winery is a California corporation with its principal place of business in Modesto, California.

5.      Upon information and belief, Defendant Proximo Spirits, Inc. is a Delaware corporation with its principal place of business in New York, New York.

COMPLAINT FOR DECLARATORY RELIEF AND UNFAIR COMPETITION

1        6.      Upon information and belief, Defendant Agavera Camichines, S.A. de C.V. is a Mexico

2 corporation with its principal place of business in Jalisco, Mexico.

3        7.      Gallo is presently ignorant of the true names and capacities of Defendants sued herein as

4 Does 1-25 and therefore sues these Defendants by such fictitious names. Gallo will amend its Complaint

5 to allege these Defendants' true names and capacities when ascertained.

6        8.      At all times herein mentioned, each Defendant was the agent, employee, partner, joint

7 venturer, aider and abettor, alter ego, and co-conspirator of or with each of the remaining Defendants,

8 and in doing the things hereinafter alleged, was acting within the course and scope of such agency,

9 employment, partnership, joint venture, and conspiracy, and each Defendant directed, ratified and

10 approved the acts of the remaining Defendants.

11                                            **FACTS**

12        9.      Gallo is a leader in the alcoholic beverage industry. It is the largest family-owned winery

13 in the world. In addition to wines, Gallo offers other alcoholic beverages throughout the United States,

14 including brandy and gin.

15        10.      Upon information and belief, Defendants offer tequila and other alcoholic beverages

16 throughout the United States.

17        11.      The process of introducing a new alcoholic beverage product involves several steps, and

18 requires many months if not years. In approximately 2008 Gallo began working with a supplier, Tequila

19 Supremo, S.A. de C.V. ("Tequila Supremo"), to offer a tequila in the United States. Tequila Supremo is

20 to be the supplier of the tequila, and Gallo the exclusive distributor. Gallo and Tequila Supremo agreed

21 that the tequila would be bottled in Mexico and offered under the name and trademark FAMILIA

22 CAMARENA or another mark that includes the term CAMARENA. Tequila Supremo owns a U.S.

23 trademark registration for CAMARENA (Reg. No. 3574282), and also owns pending U.S. trademark

24 applications for several CAMARENA formative trademarks. (For ease of reference, the Gallo tequila is

25 referred to hereinafter as "Camarena Tequila.")

26        12.      Gallo completed the label and bottle design, and obtained necessary U.S. government

27 approvals, for Camarena Tequila in 2009. Tequila Supremo recently began bottling the product and

28 shipping it to Gallo in this judicial district and division for distribution in the United States.

COMPLAINT FOR DECLARATORY RELIEF AND UNFAIR COMPETITION

13.     Gallo will begin distribution of Camarena Tequila in March 2010, first in California and Nevada, and then throughout the rest of the United States.  Gallo has no intention of distributing Camarena Tequila in Mexico in the near future.  Tequila Supremo also has not distributed, and has no plans to distribute, Camarena Tequila in Mexico.

14.     In February 2010, Defendants, through one of their Mexican affiliates, sent a cease and desist letter to Tequila Supremo concerning Camarena Tequila.  It noted that "Tequila Supremo is about to launch to market a tequila under the mark Camarena," and included a picture of the Camarena Tequila bottle.  Defendants objected to the bottle design, contending that it was "confusingly similar" to the bottle design of Defendants' tequila product marketed under the mark 1800 (hereinafter "1800 Tequila").  Defendants demanded that Tequila Supremo "abstain from distributing or commercializing the Camarena brand with the [bottle] design."  Defendants further demanded that Tequila Supremo "refrain from any type of publicizing/advertising in which the bottle is depicted or reproduced."  Defendants concluded the letter by threatening "legal action."

15.     It is unclear how Defendants learned of Gallo's/Tequila Supremo's plans to launch Camarena Tequila.  Likewise, it is unclear how Defendants obtained a picture of the Camarena Tequila bottle, since Gallo had not begun distribution at the time of Defendants' letter.

16.     As indicated by the February 2010 letter, Defendants claim that the Camarena Tequila trade dress infringes Defendants' purported trade dress rights in connection with its 1800 Tequila.  The Camarena Tequila bottle and the 1800 Tequila bottle are pictured below:

 

COMPLAINT FOR DECLARATORY RELIEF AND UNFAIR COMPETITION



17.    Gallo emphatically disputes Defendants' claim and denies that the parties' respective bottle designs and trade dress are confusingly similar.  As the pictures above illustrate, the individual elements and combination of elements which comprise the total "look" and overall trade dress of the parties' respective bottles are quite distinctive.    No reasonable consumer, upon encountering the Camarena Tequila bottle in the marketplace, would believe that it is put out by, sponsored by, or affiliated with Defendants.

18.    Upon information and belief, prior to sending the cease and desist letter and at all relevant times, Defendants had knowledge of Gallo's arrangement with Tequila Supremo concerning Camarena Tequila, and had knowledge of Gallo's plans to begin distribution in March 2010.

19.    Upon information and belief, Defendants sent their cease and desist letter to Tequila Supremo in a bad faith attempt to prevent, or at least to substantially disrupt and delay, Gallo's distribution of Camarena Tequila in the United States in order to increase their own sales and market share in the United States.

### FIRST CAUSE OF ACTION
### Declaratory Relief
### 28 U.S.C. § 2201

20.    Gallo realleges and incorporates by reference the allegations of Paragraphs 1 through 19 above.

COMPLAINT FOR DECLARATORY RELIEF AND UNFAIR COMPETITION

1       21.    An actual controversy exists between Gallo and Defendants. Gallo's use, and planned

2   use, of the Camarena Tequila trade dress has created a definite and concrete dispute between the

3   parties, who have adverse legal interests. The parties' dispute is real and substantial, and calls for a

4   decree of conclusive character.

5       22.    Defendants contend that the Camarena Tequila trade dress is confusingly similar to the

6   1800 Tequila trade dress. Gallo maintains the parties' respective trade dress is not confusingly

7   similar.

8       23.    The substantial controversy between Gallo and Defendants is of sufficient immediacy

9   and reality to warrant the issuance of a declaratory judgment. A judicial declaration is necessary to

10   settle this dispute and to clarify the parties' respective rights.

11       24.    Defendants' claim of confusing similarity is utterly without merit and appears to be in

12   bad faith. These facts make this case "exceptional" pursuant to the Lanham Act, § 35(a), 15 U.S.C. §

13   1117(a), entitling Gallo to recover its reasonable attorneys' fees.

14

15   **SECOND CAUSE OF ACTION**
**Unfair Competition**
**(Cal. Bus. & Prof. Code §17200)**

16

17       25.    Gallo realleges and incorporates by reference the allegations of Paragraphs 1 through

18   24 above.

19       26.    Defendants' conduct, namely, their unfounded threat of legal action aimed at

20   preventing Gallo's distribution of its tequila, constitutes unfair competition under California Business

21   and Professions Code § 17200.

22       27.    Defendants' actions are unlawful, unfair and/or fraudulent.

23       28.    As a result of this unfair competition, Gallo has suffered irreparable injury to its

24   business. Gallo will continue to suffer irreparable injury unless Defendants' misconduct is enjoined

25   by the Court.

26   ///

27   ///

28   ///

-6-
COMPLAINT FOR DECLARATORY RELIEF AND UNFAIR COMPETITION

**PRAYER FOR RELIEF**

Wherefore, Gallo prays for relief as follows:

1. A judgment declaring that:

    (a) Gallo's Camarena Tequila trade dress is not confusingly similar to Defendants' 1800 Tequila trade dress; and

    (b) Gallo's distribution of Camarena Tequila in the bottle pictured above does not and will not infringe or otherwise violate Defendants' rights, or the rights of any affiliate of Defendants.

2. A judgment enjoining Defendants, and all of their officers, directors, employees, agents, and representatives, from further acts of unfair competition, including but not limited to unfounded threats of trade dress infringement.

3. A judgment that Gallo recover the costs of this action plus interest;

4. A judgment that Gallo recover its reasonable attorneys' fees; and

5. A judgment that Gallo be granted such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Gallo hereby demands trial by jury of all issues so triable.

Dated: March 8, 2010          Respectfully submitted,

                         McCORMICK BARSTOW LLP
                         D. GREGORY DURBIN

                         HARVEY SISKIND LLP
                         D. PETER HARVEY
                         SETH I. APPEL

                         By:        /s/
                                Seth I. Appel

                         Attorneys for Plaintiff
                         E. & J. Gallo Winery

COMPLAINT FOR DECLARATORY RELIEF AND UNFAIR COMPETITION

Brian W. Brokate (BB 5830)
Walter-Michael Lee (WL 6353)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| E. & J. GALLO WINERY, a California corporation,<br><br>             Plaintiff,<br><br>    v.<br><br>PROXIMO SPIRITS, INC., a Delaware corporation; AGAVERA CAMICHINES, S.A. DE C.V., a Mexico corporation; and DOES 1-25,<br><br>             Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO.<br><br>**AFFIRMATION OF MATTHEW A. STRATTON IN SUPPORT OF PLAINTIFF E & J GALLO WINERY'S MOTION TO COMPEL NONPARTY DEAD AS WE KNOW IT, INC. TO PRODUCE DOCUMENTS PURSUANT TO SUBPOENA** |

MATTHEW A. STRATTON, hereby affirms and states under penalty of perjury as prescribed by 28 U.S.C. § 1746:

1.     I am an associate attorney with the law firm of Harvey Siskind LLP, which represents E & J Gallo Winery's ("Gallo"). This affirmation is submitted in support of Gallo's motion to compel nonparty Dead As We Know It, Inc. ("DAWKI") to produce documents pursuant to subpoena.

2.     This matter concerns documents sought in connection with *E. & J. Gallo Winery v. Proximo Spirits, Inc. et al.*, Case No. 1:10-CV-00411 LJO JLT, currently pending in United

- 1 -

States District Court for the Eastern District of California. The underlying dispute is over trademark rights relating to the shape of tequila bottles. On information and belief, DAWKI is a vendor of Defendant Proximo Spirits, Inc. ("Proximo"), for which DAWKI provides advertising services. At issue, among others, is the means by which DAWKI and Proximo promoted Proximo's tequila and its tequila brand to the public.

3.      On July 18, 2011, my firm issued a Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action, and corresponding exhibit ("Subpoena"), to DAWKI. The Subpoena was served on July 20, 2011. A true and correct copy of the Subpoena and Affidavit of Service is attached hereto as **Exhibit 1**.

4.      On or about July 26, 2011 I received a letter from counsel for DAWKI lodging boilerplate objections to the Subpoena, but agreeing to "discuss its possible production of documents." A true and correct copy of the letter is attached hereto as **Exhibit 2**.

5.      Upon receiving the above-referenced letter, I embarked on a lengthy, good-faith effort with counsel for DAWKI to resolve our differences concerning the Subpoena. My efforts were unsuccessful, as detailed below.

6.      On August 23, 2011, I left a voicemail for counsel for DAWKI requesting a "meet and confer" call to discuss the production of documents. I received no response to my voicemail.

7.      On August 29, 2011, I left another voicemail for counsel for DAWKI requesting a "meet and confer" call to discuss the production of documents. I received no response to my voicemail. That same day I sent a letter to counsel for DAWKI requesting a "meet and confer" call to discuss the production of documents. A true and correct copy of the letter is attached hereto as **Exhibit 3**. I received no response to my letter.

- 2 -

8.      On September 1, 2011, I sent another letter to counsel for DAWKI requesting a "meet and confer" call to discuss the production of documents.  A true and correct copy of the letter is attached hereto as **Exhibit 4**.

9.      On September 2, 2011, I received an email from counsel for DAWKI requesting that we schedule a call to meet and confer on the issue of the Subpoena, as well as other subpoenas issued to nonparties, during the week of September 5-9, 2011.  The same day I responded seeking to schedule the call for September 6, 2011.  True and correct copies of the two emails are in the email chain attached hereto as **Exhibit 5**.  After sending the email, I immediately received an "out of office reply" email from counsel for DAWKI stating that he would out of the office during the week of September 5-9, 2011, and would not return until September 12, 2011.  A true and correct copy of the email is attached hereto as **Exhibit 6**.

10.     On September 16, 2011, I emailed counsel for DAWKI again seeking a time to schedule our call to meet and confer about the Subpoena.   A true and correct copy of the email is in the email chain attached hereto as **Exhibit 5**.

11.     On September 19, 2011 counsel for DAWKI replied via email and asked to schedule the call for September 20, 2011.  I replied the same day confirming the time and date of the call.  True and correct copies of the two emails are in the email chain attached hereto as **Exhibit 5**.

12.     On September 20, 2011, counsel for DAWKI and I conducted our "meet and confer" call.  During the call we discussed DAWKI's production of documents.  Counsel for DAWKI expressed a concern about the expense associated with hiring an outside vendor to collect the documents requested, and instead suggested that DAWKI's employees collect responsive documents based on their own recollection of documents and their locations.  I agreed

- 3 -

to consider the proposal. Ultimately, counsel for DAWKI agreed to produce the requested documents provided no outside vendor would be required, unless Gallo was willing to pay for it.

13.      On September 21, 2011, I wrote a letter to counsel for DAWKI summarizing our "meet and confer" conference. I agreed that no vendor would be necessary to assist with the collection of documents and that I would accept DAWKI's good faith efforts to assemble responsive documents based on its employee's recollection. A true and correct copy of the letter is attached hereto as **Exhibit 7**.

14.      On September 27, 2011, counsel for DAWKI sent me a letter seeking to clarify my position on the proposed method of collection of documents by DAWKI. A true and correct copy of the letter is attached hereto as **Exhibit 8**.

15.      On September 29, 2011, I emailed counsel for DAWKI requesting the status of its production of documents. On September 30, 2011 counsel for DAWKI replied by asking whether I had accepted the proposed clarifications to our agreement, as described in his letter dated September 27, 2011. The same day I replied to clarify that we were in agreement on the method of production. True and correct copies of the three emails are in the email chain attached hereto as **Exhibit 9**.

16.      By October 7, 2011, DAWKI had still not produced any documents. That same day I prepared a letter to counsel for DAWKI requesting an update on the status of DAWKI's document production. A true and correct copy of the letter is attached hereto as **Exhibit 10**. I received no response to my letter.

17.      By October 12, 2011, DAWKI still had not produced any documents. That same day I prepared a letter to counsel for DAWKI demanding that it produce the requested

- 4 -

documents or that Gallo would have no choice to move to compel the production.  A true and correct copy of the letter is attached hereto as **Exhibit 10**.  I received no response to my letter.

18.    DAWKI still has not produced a single document in response to the Subpoena served July 20, 2011.

19.    The deadline to serve dispositive pre-trial motions, including motions for summary judgment, in *E. & J. Gallo Winery v. Proximo Spirits, Inc. et al.*, Case No. 1:10-CV-00411 LJO JLT, is December 9, 2011.  Therefore, all documents in this case—including those withheld by DAWKI—are urgently needed now.

Date: ___October 13___, 2011

Matthew A. Stratton

**Dead As We Know It Exhibit 1**

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | | |
|---|---|---|
| E. & J. GALLO WINERY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:10-CV-00411 LJO JLT |
| PROXIMO SPIRITS, INC., AGAVERA | ) | |
| CAMICHINES, S.A. DE C.V., and DOES 1-25 | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of California        ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Dead As We Know It, Inc., 135 Kent Avenue, #C3, Brooklyn, New York 11211

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

>        See Exhibit A, attached.

| Place:  Debevoise & Plimpton | Date and Time: |
|---|---|
| 919 Third Avenue | |
| New York, NY 10022 | 07/29/2011 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ____07/18/2011____

>        *CLERK OF COURT*
>                                                                 OR

| _____ | _____ |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      E. & J. Gallo Winery
_____ , who issues or requests this subpoena, are:

Naomi Jane Gray, Harvey Siskind LLP, 4 Embarcadero Center, 39th Floor, San Francisco, California 94111
Telephone: 415-354-0100 Email: ngray@harveysiskind.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:10-CV-00411 LJO JLT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A to
## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS

### DEFINITIONS

1.      The terms "You," "Your," and "Dead As We Know It" shall mean Dead As We Know It, Inc., and all past and present attorneys, accountants, officers, directors, employees, agents, representatives, predecessors, successors, related businesses or entities, or anyone else acting on behalf of Dead As We Know It, Inc., or otherwise subject to its control.

2.      The term "Proximo" shall mean Defendant and Counterclaimant Proximo Spirits, Inc., and all past and present attorneys, accountants, officers, directors, employees, agents, representatives, predecessors, successors, related businesses or entities, or anyone else acting on behalf of Proximo Spirits, Inc., or otherwise subject to its control.

3.      The term "1800 Tequila" shall mean tequila sold, offered for sale, marketed, promoted, or advertised under any name, mark, or other designation consisting of or including the term "1800."

4.      The term "Document" shall have the meaning given to it in Rule 34 of the Federal Rules of Civil Procedure.

5.      The term "Documents which refer or relate" shall mean and encompass any and all Documents or tangible things that constitute, refer to, relate to, or reflect the subject of the request.

### REQUESTS

1.      All Documents which constitute, refer or relate to any request for proposal ("RFP") relating to advertising for 1800 Tequila for Proximo Spirits, Inc. ("Proximo").

2.      All Documents which constitute, refer or relate to Your response to any RFP relating to advertising for 1800 Tequila.

3.      Any notes, minutes, memoranda and other Documents which relate to any meetings You have had with Proximo relating to 1800 Tequila.

4.     Any reports, summaries, PowerPoint slide decks and other Documents reflecting market research You performed or commissioned in connection with advertising for 1800 Tequila.

5.     Any emails You have received from Proximo personnel, including but not limited to Elwyn Gladstone, relating to advertising You have proposed or executed relating to 1800 Tequila.

6.     Copies of any PowerPoint slide decks or other presentation You made to anyone acting on behalf of Proximo in response to the RFP or otherwise proposing advertising for 1800 Tequila.

7.     All proposed and final media budgets for 1800 Tequila advertising proposed, created, and/or executed by You.

**DLS  DEMOVSKY LAWYER SERVICE**
Premier Nationwide Document Retrieval and Process Service Company
800-443-1058

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

E. & J GALLO WINERY

        Plaintiff                    Civil Action No. 1:10-CV-00411 LJO JLT

      v.                          AFFIDAVIT OF SERVICE

PROXIMO SPIRITS, INC., et al.      (If the action is pending in another district, state where:
                                        Eastern District of California     )

        Defendant
-------------------------------------------------------X

STATE OF NEW YORK   )
                      S.S.:
COUNTY OF NEW YORK)

      TIMOTHY M. BOTTI, being duly sworn, deposes and says that he is over the age of eighteen years, is employed by the attorney service, D.L.S., INC., and is not a party to this action.

      That on the 20th day of July, 2011, at approximately 12:20 pm, deponent served a true copy of the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION upon DEAD AS WE KNOW IT, INC. at 261 Wythe Avenue, Brooklyn, NY, by personally delivering and leaving the same with MICHAEL REICH, who informed deponent that he is a President authorized by appointment to receive service at that address.

      Michael Reich is a white male, approximately 44 years of age, stands approximately 5 feet 10 inches tall, weighs approximately 175 pounds with short, wavy, brown hair and dark eyes donning a scruffy beard.

TIMOTHY M. BOTTI, # 843358

D.L.S., Inc.
401 Broadway
Ste. 510
New York, NY 10013
212-925-1220
www.dlsnational.com

Sworn to before me this
22nd day of July, 2011

JONATHAN T. RIPPS
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01RI6109718
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MAY 17, 2012

NOTARY PUBLIC

**Dead As We Know It Exhibit 2**

Lawrence E. Abelman
Jeffrey A. Schwab
Victor M. Tannenbaum
Peter J. Lynfield
Caridad Piñeiro Scordato
Michael Aschen
Julianne Abelman
Julie B. Seyler
Marie Anne Mastrovito
Joseph J. Catanzaro
Anthony A. Coppola
Richard L. Crisona
Ned W. Branthover
Anthony J. DiFilippi
Harry K. Ahn
Michael J. Schwab
Jennifer R. Waitman
Norman D. Hanson

Writer's Direct Dial:
(212) 885-9207

Writer's E-Mail:
maschen@lawabel.com

# ABELMAN, FRAYNE & SCHWAB

Attorneys at Law
666 Third Avenue
New York, New York 10017-5621

Telephone: (212) 949-9022
Facsimile: (212) 949-9190
e-mail@lawabel.com

Of Counsel:
Alan D. Gilliland
Thomas E. Spath
Melvin L. Ortner
Constance Golden
J. David Dainow
Robert B. Smith
David Toren (Ret.)

Jay S. Cinamon
Lori B. Cohen
Frank Terranella
Steven M. Hertzberg
John H. Choi
Charles S. Stein
Theodore J. Pierson
Erica R. Halstead
Kristen S. Ruisi
Ralph J. Crispino

Alexander Zinchuk*
*(Registered Patent Agent)

July 26, 2011

***By email to <ngray@harveysiskind.com>***

Naomi Jane Gray, Esq.
Harvey Siskind LLP
Four Embarcadero Center
39th Floor
San Francisco, CA 94111

Re:   E. & J. Gallo Winery v. Proximo
      Spirits, Inc.; et al.; Case No. 1:10 cv
      00411 IJO SKO; Our Ref: No. 219875.

Dear Ms. Grey:

We write in response to the subpoena dated July 18, 2011 directed to Dead As We Know It, Inc. ("DAWKI"), in connection with the above-captioned action. Although DAWKI will continue to review its files, and is open to discuss its possible production of documents, we are writing to preserve DAWKI's rights under Fed. R. Civ. P. 45. Accordingly DAWKI makes the following objections to the subpoena:

1.    DAWKI objects to the subpoena because it seeks confidential and proprietary business information.

2.    DAWKI objects to the subpoena because it fails to give it reasonable time to gather, review and produce relevant materials.

3.    DAWKI objects to the subpoena because it does not provide a reasonable time limitation on the document requests.

4.    DAWKI objections to the "Definitions" as vague, ambiguous and seeking to impose obligations on DAWKI greater than those imposed by the Federal Rules of Civil Procedure.

Naomi Jane Gray, Esq.                                    **ABELMAN, FRAYNE & SCHWAB**
July 26, 2011
Page 2

     5.     DAWKI objects to the subpoena to the extent that it seeks the production of attorney-client, work product or other privileged material.

     6.     DAWKI objects to the subpoena to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and does not seek information that is relevant to any claim or defense of a party in the above-captioned action.

     7.     DAWKI objects to the production of any documents that are obtainable from other parties in a manner which is more convenient, less burdensome and less expensive.

     8.     DAWKI objects to the subpoena to the extent that it imposes an undue burden or requires the expenditure of undue costs.

     9.     DAWKI further reserves all of its rights under the Federal Rules of Civil Procedure with respect to this matter.

                            Regards,

                            Michael Aschen

cc: Dead As We Know It, Inc.
    Lawrence E. Abelman, Esq.
    Anthony A. Coppola, Esq.
    Mark Miller, Esq.
    Proximo Spirits, Inc.
    Agavera Camichines, S.A. de C.V.

**Dead As We Know It Exhibit 3**

# HARVEY ◾ SISKIND LLP

August 29, 2011                                                        Matthew A. Stratton

**VIA U.S. and ELECTRONIC MAIL**

Anthony A. Coppola, Esq.
Michael Aschen, Esq.
Abelman, Frayne & Schwab
666 Third Avenue
New York, NY 10017-5621

     Re:    *E. & J. Gallo Winery v. Proximo Spirits, Inc., et al.*
           E.D. Cal. Case No. 1:10-cv-00411-LJO-JLT

Dear Messrs. Coppola and Aschen:

     I write to follow up on my unanswered voicemail to Mr. Aschen on August 23, 2011 requesting that we meet and confer on the subject of your objections to Gallo's document subpoenas issued to 5W Public Relations LLC; WANT, LLC; and Dead As We Know It, Inc. Your response letters dated July 26, 2011 simply recite boilerplate objections and do not indicate any intent to produce documents. Your letters did, however, state an openness to discuss the "possible production of documents." We wish to discuss your objections immediately and determine a production plan as soon as possible.

     We also received your August 25, 2011 letter stating objections on behalf of Stranger and Stranger, Inc. in response to Gallo's document subpoena. As you know, the response is late and Stranger & Stranger therefore waived its objections. See FRCP 45(c)(2)(B). Please confirm immediately that we will receive Stranger and Stranger's full production before September 2, 2011.

     Please give me a call at your earliest convenience so that we can discuss the issues raised above. I look forward to hearing from you.

               Sincerely,

               Matthew A. Stratton

MAS:cl

**Dead As We Know It Exhibit 4**

HARVEY ◼ SISKIND LLP

September 1, 2011                                           Matthew A. Stratton

**VIA U.S. and ELECTRONIC MAIL**

Anthony A. Coppola, Esq.
Michael Aschen, Esq.
Abelman, Frayne & Schwab
666 Third Avenue
New York, NY 10017-5621

      Re:    *E. & J. Gallo Winery v. Proximo Spirits, Inc., et al.*
            E.D. Cal. Case No. 1:10-cv-00411-LJO-JLT

Dear Messrs. Coppola and Aschen:

      I again write to follow up on my unanswered voicemails to Mr. Aschen of August 23, 2011 and today, and my unanswered correspondence sent August 30, 2011, requesting that we meet and confer on the subject of your objections to Gallo's document subpoenas issued to 5W Public Relations LLC; WANT, LLC; and Dead As We Know It, Inc. We have not yet received any production on behalf of those entities and wish to discuss the timing and details. I propose that we explore a coordinated production by each side on behalf of its respective non-party vendors. Lastly, please confirm that we will promptly receive Stranger and Stranger, Inc.'s complete production, given that its objections were untimely and therefore waived.

      I look forward to hearing from you at your earliest convenience.

                    Sincerely,

                    Matthew A. Stratton

MAS:cl

**Dead As We Know It Exhibit 5**

## Matt Stratton

| | |
|---|---|
| **From:** | Matt Stratton |
| **Sent:** | Monday, September 19, 2011 9:24 AM |
| **To:** | COPPOLA, A.; ASCHEN, M.; CHOI, J. |
| **Cc:** | Peter Harvey; Cindi Lee; Naomi Jane Gray; Donald Thompson |
| **Subject:** | RE: Gallo v. Proximo - Third Party Subpoenas |

Hi Tony:

Yes, tomorrow at 11:00am Pacific will work for me. Please call our offices then and I will be standing by.

Sincerely,
Matt

-----Original Message-----
From: COPPOLA, A. [mailto:aacoppola@lawabel.com]
Sent: Monday, September 19, 2011 8:51 AM
To: Matt Stratton; ASCHEN, M.; CHOI, J.
Cc: Peter Harvey; Cindi Lee; Naomi Jane Gray; Donald Thompson
Subject: RE: Gallo v. Proximo - Third Party Subpoenas

Matt:

Can we do it tomorrow at 11:00 your time?

Tony

-----Original Message-----
From: Matt Stratton [mailto:mstratton@harveysiskind.com]
Sent: Friday, September 16, 2011 7:42 PM
To: COPPOLA, A.; ASCHEN, M.; CHOI, J.
Cc: Peter Harvey; Cindi Lee; ngray@harveysiskind.com; Donald Thompson
Subject: RE: Gallo v. Proximo - Third Party Subpoenas

Hi Tony, Mike:

I am following up on our prior email correspondence. Are you available to meet and confer on the issue of Gallo's subpoenas to Proximo's vendors this coming Monday or Tuesday, at 1:00pm Eastern /10:00am Pacific (either day)? If another day/time works better for you, please let me know.

Sincerely,
Matt

-----Original Message-----
From: COPPOLA, A. [mailto:aacoppola@lawabel.com]
Sent: Tuesday, September 06, 2011 11:01 AM
To: Matt Stratton; ASCHEN, M.; CHOI, J.
Cc: Peter Harvey; Cindi Lee
Subject: RE: Gallo v. Proximo - Third Party Subpoenas

Matt:

1

I was actually hoping we could have the conversation later in the week (if not the week of the 12th) as I am out of the office and have limited availability for a phone call especially now and tomorrow.

While we are willing to discuss production of any responsive documents, timing, costs and propriety of the documents are paramount issues which need to be addressed. If you have any thoughts in this regard, please let me know and I will consider.

Regards,

Tony Coppola

_____

From: Matt Stratton [mailto:mstratton@harveysiskind.com]
Sent: Fri 9/2/2011 8:37 PM
To: COPPOLA, A.; ASCHEN, M.; CHOI, J.
Cc: Peter Harvey; Cindi Lee
Subject: RE: Gallo v. Proximo - Third Party Subpoenas

Hi Tony:

I am available to discuss these matters at 11:00am Pacific/2:00pm Eastern time this Tuesday, September 6. Please let me know if this works for you. If another time is better, let me know.

Sincerely,

Matt

Matthew A. Stratton
Harvey Siskind LLP
(415) 354-0100

From: COPPOLA, A. [mailto:aacoppola@lawabel.com]
Sent: Friday, September 02, 2011 3:09 PM
To: Matt Stratton
Cc: Peter Harvey; Cindi Lee; ASCHEN, M.; CHOI, J.
Subject: Gallo v. Proximo - Third Party Subpoenas

Matt:

Further to your voice mail and letters of August 29th and September 2nd please advise of a time next week when you are available to discuss the third party subpoenas.

Regards,

Tony Coppola

Anthony A. Coppola, Esq.
ABELMAN, FRAYNE & SCHWAB
666 Third Avenue, 10th Floor
New York, New York 10017
(212) 949-9022 ext. 439
(212) 949-9190 (facsimile)

aacoppola@lawabel.com

www.lawabel.com <http://www.lawabel.com/>

------------------------------

CONFIDENTIALITY NOTE:

This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

3

**Dead As We Know It Exhibit 6**

**Matt Stratton**

| | |
|---|---|
| **From:** | COPPOLA, A. <aacoppola@lawabel.com> |
| **Sent:** | Friday, September 02, 2011 5:37 PM |
| **To:** | Matt Stratton |
| **Subject:** | Out of Office AutoReply: Gallo v. Proximo - Third Party Subpoenas |

I will be out of the office until September 12, 2011 but wil be checking my messages and responding to emails as soon as possible.

However, if you need immediate attention please contact my legal assistant Richard Long at (212) 949-9022 (ext. 368).

Thank you.

Anthony Coppola

**Dead As We Know It Exhibit 7**

# HARVEY ⬥ SISKIND LLP

September 21, 2011                                                  Matthew A. Stratton

**VIA U.S. and ELECTRONIC MAIL**

Anthony A. Coppola, Esq.
Michael Aschen, Esq.
Abelman, Frayne & Schwab
666 Third Avenue
New York, NY 10017-5621

      Re:   *E. & J. Gallo Winery v. Proximo Spirits, Inc., et al.*
            E.D. Cal. Case No. 1:10-cv-00411-LJO-JLT

Dear Messrs. Coppola and Aschen:

This letter follows up on our telephone conference yesterday concerning Gallo's document subpoenas issued to 5W Public Relations LLC; WANT, LLC; Dead As We Know It, Inc.; and Stranger & Stranger, Inc. Below is a summary of key points in our discussion and some additional thoughts.

**Preserving the Confidentiality of Third-Party Documents.** You expressed general concern about preserving the confidentiality of documents produced by nonparties. I consulted the Protective Order currently in place and can confirm that nonparties may designate documents as "confidential," etc., just as parties may. See Sections 2.4, 2.8, and 5.1. Accordingly, your confidentiality concerns may no longer be a basis on which to withhold the production of responsive documents.

**Collection of Responsive Documents.** As an alternative to using costly vendors to search for responsive files, you suggested that your clients could instead assemble the required documents on their own. Provided your clients make a diligent, good faith effort to expediently identify for production the requested documents, we approve of this approach. Please immediately start this process with your clients if you have not already.

Anthony A. Coppola, Esq.
Michael Aschen, Esq.
September 21, 2011
Page 2

**Stranger & Stranger Emails Already Produced by Proximo.** Concerning Proximo's production of its emails with Stranger & Stranger, Inc., you agreed to follow up with your clients to identify and produce file attachments that should have been paired with the emails already produced. We look forward to receiving the supplemental production.

**Issues Related to Basecamp Software.** You also suggested that Stranger & Stranger's (and possibly other entities') use of Basecamp project management software makes it impossible to (i) capture conversation threads stored online, (ii) isolate and produce prior versions of shared documents, and (iii) download files stored online. After speaking with people familiar with Basecamp and reviewing the company's website, it is clear that these concerns are unfounded. Specifically, concerning the issue of capturing conservation threads: "Can we export our Basecamp data? Yes, you can export your to-dos, milestones, events, messages, and comments as HTML or XML." See http://help.37signals.com/basecamp/questions/164-can-we-export-our-basecamp-data. Concerning the issue of reviewing prior versions of files stored online: "Basecamp keeps track of every version of every file…When you upload a new version of a file, Basecamp can keep a copy of the old version around for safe keeping. This makes it easy to go back and see what changed and who changed it." See http://basecamphq.com/tour/#share. Lastly, files may be manually downloaded for production. See http://help.37signals.com/basecamp/questions/189-can-i-download-all-my-files-at-once.

If your client would instead prefer to give us secure access to the relevant Basecamp workspaces instead of downloading and producing the requested documents, we are willing to explore the concept. Either way, however, there should be nothing preventing Stranger & Stranger from producing its responsive communications and files created and/or stored on Basecamp.

I trust this resolves your concerns and that 5W Public Relations LLC; WANT, LLC; Dead As We Know It, Inc.; and Stranger & Stranger, Inc. will promptly comply with their

Anthony A. Coppola, Esq.
Michael Aschen, Esq.
September 21, 2011
Page 3

obligations under the Federal Rules and produce the requested documents.  Please contact me

immediately if I am mistaken.

Sincerely,

Matthew A. Stratton

**Dead As We Know It Exhibit 8**

Lawrence E. Abelman
Jeffrey A. Schwab
Victor M. Tannenbaum
Peter J. Lynfield
Caridad Piñeiro Scordato
Michael Aschen
Julianne Abelman
Julie B. Seyler
Marie Anne Mastrovito
Joseph J. Catanzaro
Anthony A. Coppola
Richard L. Crisona
Ned W. Branthover
Anthony J. DiFilippi
Harry K. Ahn
Michael J. Schwab
Jennifer R. Waitman
Norman D. Hanson

Writer's Direct Dial:
(212) 885-9207

Writer's E-Mail:
maschen@lawabel.com

## ABELMAN, FRAYNE & SCHWAB

Attorneys at Law
666 Third Avenue
New York, New York 10017-5621

Telephone: (212) 949-9022
Facsimile: (212) 949-9190
e-mail@lawabel.com

Of Counsel:
Alan D. Gilliland
Thomas E. Spath
Melvin L. Ortner
Constance Golden
J. David Dainow
Robert B. Smith
David Toren (Ret.)

Jay S. Cinamon
Lori B. Cohen
Frank Terranella
Steven M. Hertzberg
John H. Choi
Charles S. Stein
Theodore J. Pierson
Erica R. Halstead
Kristen S. Ruisi
Ralph J. Crispino

Alexander Zinchuk◆
◆(Registered Patent Agent)

September 27, 2011

**By email to <mstratton@harveysiskind.com>**

Matthew A. Stratton, Esq.
Harvey Siskind LLP
Four Embarcadero Center
39th Floor
San Francisco, CA 94111

Re:     E. & J. Gallo Winery v. Proximo Spirits, Inc.; et al.;
        Case No. 1:10 cv 00411 IJO SKO; Our Ref: No. 219875.

Matt:

We have your September 21, 2011 letter concerning the telephone discussion we had concerning Gallo's third party subpoenas.

After reviewing the portions of the Protective Order that you identified, we do agree that it provides for the designation of documents as confidential by third parties, and that this addresses that concern.

We do not agree with your characterization of the conversation we had concerning the logistics of document production. We advised you that much of the documentation requested by Gallo's subpoenas was maintained electronically. We discussed that a traditional forensic "e-search", (i.e., one in which key search terms, custodians, and the location of files to be searched, e.g., local hard drives, pdas, tape backups, etc., are negotiated and agreed upon), would have to be performed by an outside contractor as the subpoenaed parties are unlikely to have the capability to undertake that search on their own, and that this was likely to be time consuming and expensive. We expressed our view that if Gallo wished to proceed in that manner, it would have to bear the expense. We then proposed, and you agreed to consider and advise us whether Gallo would agree to a less formal search in which the subpoenaed parties would collect electronically maintained documents based on their recollection of where such documents might be found. If you advise us that this is acceptable, we will so advise them.

Matthew A. Stratton, Esq.                    **ABELMAN, FRAYNE & SCHWAB**
July 26, 2011
Page 2

      With respect to the Stranger & Stranger emails already produced by Proximo, we agreed to ask Proximo to <u>attempt</u> to collect the attachments to these emails. As we explained, although it's a difficult and time consuming process, Proximo has agreed to try to accommodate your request. We'll advise you if they locate any of the attachments.

      With respect to your comment that you've spoken with persons familiar with the BASECAMP software, and they believe that the information you've requested can be retrieved, please have them provide instructions to do so, and we'll pass them on to Stranger & Stranger.

                    Regards,

                    Michael Aschen

cc: Lawrence E. Abelman, Esq.
    Anthony A. Coppola, Esq.
    Mark Miller, Esq.
    Proximo Spirits, Inc.
    Agavera Camichines, S.A. de C.V.
    5W Public Relations LLC
    WANT LLC
    Dead As We Know it, Inc.
    Stranger & Stranger

**Dead As We Know It Exhibit 9**

**Matt Stratton**

| | |
|---|---|
| **From:** | Matt Stratton |
| **Sent:** | Friday, September 30, 2011 6:09 PM |
| **To:** | COPPOLA, A. |
| **Cc:** | ASCHEN, M.; Peter Harvey; Cindi Lee (clee@harveysiskind.com) |
| **Subject:** | RE: Third Party Subpoenas |

Hi Tony:

Yes, we are in agreement that your nonparty clients may make a good faith search for responsive documents based on their best recollection and that the use of outside forensic vendors is not necessary at this time.

In response to Mr. Aschen's comment in his September 27, 2011 letter that we provide you information on how to collect documents used in BASECAMP software, your client is in the best position to know how its own project management software works. I presume Stranger & Stranger routinely downloads its documents from BASECAMP for use outside of the system. Further, my September 22, 2011 letter provided links on how to perform certain BASECAMP functions that I easily found at www.basecamphq.com. I encourage your client to visit this site. Still, in the interest of time, here is some information to share with Stranger & Stranger:

- How to export BASECAMP data: http://help.37signals.com/basecamp/questions/164-can-we-export-our-basecamp-data

- How to download a file: http://help.37signals.com/basecamp/questions/418-why-do-some-files-open-in-a-browser-window-how-can-i-download-them

Also, to the extent the above does not work, if your client can see text or images on his or her computer screen, he or she can preserve them by taking a screenshot. Here is how to do this simple procedure:

- Using a PC: http://www.wikihow.com/Take-a-Screenshot-in-Microsoft-Windows

- Using a Mac: http://www.wikihow.com/Take-a-Screenshot-in-Mac-OS-X

I trust this will resolve any further delays of your nonparty clients' production. Please let me know if you have any questions.

Sincerely,

Matthew A. Stratton
Harvey Siskind LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111
Tel: (415) 354-0100
Fax: (415) 391-7124
*******************************************************

The contents of this e-mail message and any attachments are confidential and are intended solely for the addressee. The information may be privileged by law. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you are not the intended recipient and/or have received this transmission in error, any use, reproduction or dissemination of this transmission or its contents is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply e-mail or at 415.354.0100 and delete this message and its attachments, if any.

**From:** COPPOLA, A. [mailto:aacoppola@lawabel.com]
**Sent:** Friday, September 30, 2011 11:39 AM
**To:** Matt Stratton
**Cc:** ASCHEN, M.; Peter Harvey
**Subject:** RE: Third Party Subpoenas

Matt:

I assume based on your inquiry that this means you have accepted the clarifications in Mike's letter to you dated September 27th?

Tony

---

**From:** Matt Stratton [mailto:mstratton@harveysiskind.com]
**Sent:** Thursday, September 29, 2011 12:42 PM
**To:** COPPOLA, A.
**Cc:** ASCHEN, M.; CHOI, J.; Peter Harvey
**Subject:** RE: Third Party Subpoenas

Hi Tony:

We are completing our review of the third party documents collected and plan to have them ready to produce next week.  When do you expect to have your third party documents ready to produce?

Sincerely,
Matt

---

**From:** COPPOLA, A. [mailto:aacoppola@lawabel.com]
**Sent:** Friday, September 23, 2011 12:43 PM
**To:** Matt Stratton
**Cc:** ASCHEN, M.; CHOI, J.; Peter Harvey
**Subject:** Third Party Subpoenas

Matt:

We are writing with respect to the third party subpoenas served upon Chrysalis Research, Inc., Webb De Vlam and T-Catalyst, LLC to which you responded on August 8, 2011.  In your responses you indicated that you would be providing documents to the extent they exist.

Can you please advise as to when we can expect to receive the documents responsive to the subpoenas?

Regards,

Tony Coppola

**Anthony A. Coppola, Esq.**
**ABELMAN, FRAYNE & SCHWAB**
**666 Third Avenue, 10th Floor**
**New York, New York 10017**
**(212) 949-9022 ext. 439**
**(212) 949-9190 (facsimile)**

aacoppola@lawabel.com

www.lawabel.com <http://www.lawabel.com/>

---------------------------------

**CONFIDENTIALITY NOTE:**

This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

2

**Dead As We Know It Exhibit 10**

HARVEY ⸱ SISKIND LLP

October 7, 2011                                                              Matthew A. Stratton

**VIA FEDEX EXPRESS**

Anthony A. Coppola, Esq.
Abelman, Frayne & Schwab
666 Third Avenue
New York, NY 10017-5621

Re:      *E. & J. Gallo Winery v. Proximo Spirits, Inc., et al.*
          E.D. Cal. Case No. 1:10-cv-00411-LJO-JLT

Dear Tony:

Enclosed are the document productions of nonparties T-Catalyst, LLC (Bates Nos. TC000001-014082); Chrysalis Research, Inc. (Bates Nos. CR000001-000574); and Webb deVlam (Bates Nos. WV000001-000387). Note that these documents are designated "Trade Secret" or "Confidential," as indicated. Nonparty TricorBraun has no responsive documents in its custody or control, and therefore has no documents to produce.

I have not received a substantive response from you to my email of September 29, 2011 requesting your expected date of document production on behalf of nonparties Stranger & Stranger, Inc.; 5W Public Relations, LLC; Dead As We Know It, Inc.; and Want, LLC. The subpoenas were served in mid-July and we have been in contact with you concerning the status of production since late August. Please advise immediately on when we will receive their full production.

Sincerely,

Matthew A. Stratton
Matthew A. Stratton

MAS:cl
Enclosures

cc:      Mark Miller, Esq. (*with enclosure*)

**Dead As We Know It Exhibit 11**

HARVEY ᴹ SISKIND LLP

October 12, 2011                                                    Matthew A. Stratton

**VIA FEDEX EXPRESS and ELECTRONIC MAIL**

Anthony A. Coppola, Esq.
Michael Aschen, Esq.
Abelman, Frayne & Schwab
666 Third Avenue
New York, NY 10017-5621

Re:   *E. & J. Gallo Winery v. Proximo Spirits, Inc., et al.*
      E.D. Cal. Case No. 1:10-cv-00411-LJO-JLT

Dear Tony and Mike:

I still have not received any substantive response from you to my most recent email of September 29, 2011 and letter of October 7, 2011 requesting your expected date of document production on behalf of nonparties Stranger & Stranger, Inc.; 5W Public Relations, LLC; Dead As We Know It, Inc.; and Want, LLC. The subpoenas were served in mid-July and we have been in contact with you since late August concerning the status of production. Gallo has been very patient on this matter, but too much time has now elapsed.

If we do not receive your full document production on behalf of all of those entities by 12:00 noon EDT on Friday, October 14, 2011, we will move to compel production. Please advise immediately on whether you will comply with this deadline.

Sincerely,

Matthew A. Stratton

MAS:cl